J. S48022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :        PENNSYLVANIA
    :
          v.          :
    :
MATTHEW ALLEN LAWTON,    :
    :
          Appellant    :    No. 1635 WDA 2015

Appeal from the PCRA Order August 27, 2015
In the Court of Common Pleas of Potter County
Criminal Division No(s): CP-53-CR-0000187-2010

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY DUBOW, J.:          **FILED OCTOBER 6, 2016**

Appellant, Matthew Allen Lawton, appeals from the August 27, 2015 Order dismissing Appellant's first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We remand for the filing of a counseled Rule 1925(b) Statement pursuant to Pa.R.A.P. 1925(b).

In a previous appeal, this Court summarized the relevant factual history as follows:

> This appeal stems from an incident that occurred over the July Fourth holiday in 2010. On July 3, the victim, then 10–years–old, and her family, visited the home of [Appellant], who was 18–years–old, and his family. While the parents were on a motorcycle ride, [Appellant] sexually assaulted the victim. The victim's younger brother witnessed the assault and tried, unsuccessfully, to stop it. After the assault, the victim's family continued their stay with [Appellant's family] for two more days.

> On July 5, [Appellant] admitted to inappropriately touching the victim, and the victim's mother called the police, who arrested [Appellant].
>
> * * *
>
> On March 1, 2012, a jury trial commenced before the Honorable Stephen P.B. Minor. On April 2, 3012, the jury found [Appellant] guilty on all counts. On September 10, 2012, Judge Minor sentenced [Appellant] to an aggregate term of incarceration of 242 to 480 months.

***Commonwealth v. Lawton***, No. 1574 WDA 2012, unpublished memorandum at 1 (Pa. Super. filed Feb. 21, 2014).

On February 21, 2014, this Court affirmed Appellant's conviction.

On February 20, 2015, Appellant filed a *pro se* PCRA Petition, which he amended after the appointment of counsel. Appellant's counsel filed a Second Amended PCRA Petition on May 29, 2015. On August 27, 2015, the PCRA court held a hearing and filed an Order on August 28, 2015, dismissing the PCRA Petition.

On September 21, 2015, Appellant filed a counseled Notice of Appeal. On October 8, 2015, Appellant sent a *pro se* letter to the Pennsylvania Superior Court Office of the Prothonotary stating, in relevant part, "I am writing you to in form [sic] you that I am removing my lawyer for [sic] his duties in my case. Attached to this letter will be the letter I wrote to Jarrett R Smith notifying him that he is releeved [sic] from being my lawyer." Letter, dated 10/8/15.

On October 15, 2015, the PCRA court entered an Order pursuant to Pa.R.A.P. 1925 directing Appellant to file a Rule 1925(b) Statement and stating, "[the PCRA court] notes that it received [Appellant's] timely notice of appeal on September 21, 2015 and that [Appellant] has apparently dismissed his appointed counsel."[1]  Order, dated 10/15/15.  The trial court served the Order on Appellant, but failed to serve the Order on Appellant's counsel even though counsel had not withdrawn his appearance.

On October 30, 2015, Appellant filed a *pro se* Rule 1925(b) Statement. Despite the fact that counsel was still representing Appellant, the docket reflects that the court did not send a copy of Appellant's *pro se* Rule 1925(b) Statement to counsel.  Also on October 30, 2015, Appellant's counsel filed a Petition to Withdraw as Counsel.

On November 16, 2015, the PCRA court issued a Rule 1925(a) Opinion addressing the issues raised in the *pro se* Rule 1925(b) Statement.

On December 10, 2015, the PCRA court held a **Grazier**[2] hearing to determine if Appellant's request to proceed *pro se* was knowing, voluntary, and intelligent.  On the same day, the PCRA court entered an Order stating, in relevant part, "after colloquy with [Appellant] he now expresses a desire to continue his relationship with Attorney Jarrett Smith.  Upon further discussion, Attorney Jarett Smith and [Appellant] report that they can and

---

[1] The Order was dated October 13, 2015 but filed on October 15, 2015.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 3 -

will work together in prosecuting the appeal in this matter. Accordingly, Attorney Smith's Petition to Withdraw as Counsel should be denied." Order, dated 12/10/15.

On April 4, 2016, Attorney Smith filed a Brief on behalf of Appellant with this Court, presenting issues that Appellant failed to raise in his *pro se* Rule 1925(b) Statement, including:

1. Trial counsel should be deemed ineffective for failing to call known and named eye witnesses such that [Appellant] did not receive a fair trial where testimony would have rendered a different result if the eye witness already known to the defense, the testimony would have impacted on jury verdict as to prevent [Appellant] from receiving a fair trial?

2. The weight of the evidence did not support the verdict in lack of proper medical testimony and obvious factual disputes about the manner where the events portrayed to the jury created a physical impossibility?

3. It is reversible error under the **Newman** case where the jury is not presented with the mandatory sentencing enhancements as applied and not determined by the empaneled jury (this author recognizes the **Newman** case is not applied retroactively)?

Appellant's Brief at 7.

"Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Perez**, 103 A.3d 344, 347 (Pa. Super. 2014) (quotation marks and citation omitted).

Here, we conclude the PCRA court erred by failing to serve the 1925(b) Order on Appellant's counsel and accepting Appellant's *pro se* Rule 1925(b) Statement while he was still represented by counsel. The PCRA court exacerbated its error by issuing a subsequent Rule 1925(a) Opinion based upon the *pro se* filing.

Our Supreme Court recently stated, "[w]hat our jurisprudence has consistently prohibited at both trial and appellate levels when strategic disagreements arise between defendant and counsel is the option of hybrid representation, where an otherwise represented defendant acts as *de facto* co-counsel exercising control over parts of the defense." ***Commonwealth v. Mason***, 130 A.3d 601, 671 (Pa. 2015). Our Supreme Court instructs, "[i]n the event a represented defendant presents a *pro se* pleading, motion, or filing to the court, therefore, **the court shall not entertain it** but shall, instead, forward it to counsel who may then decide whether to act on the defendant's concern." ***Id.*** (emphasis added)*; **see also*** Pa.R.A.P. 3304 ("Where a litigant is represented by an attorney before the court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record.) Moreover, where an appellant is represented by counsel on appeal, his *pro se* Rule 1925(b) Statement is a "legal nullity." ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010).

In the instant case, PCRA counsel still represented Appellant at the time Appellant filed his *pro se* Rule 1925(b) statement. Thus, the *pro se* filing was a legal nullity. **Ali, supra**. Accordingly, we must remand this case to the PCRA court for the filing of a counseled Rule 1925(b) Statement.

We direct counsel, Jarett Smith, Esquire, to file a counseled Rule 1925(b) Statement with the PCRA court within thirty (30) days. Once counsel files a new Rule 1925(b) Statement, the PCRA court is to issue a Rule 1925(a) Opinion within thirty (30) days. The Rule 1925(a) Opinion should address the issues raised in the counseled Rule 1925(b) Statement, and include a factual and procedural history. Upon return of the record to this Court, we direct our Prothonotary to establish a new briefing schedule.

Case remanded with instructions. Jurisdiction retained.